# EXHIBIT A

Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503

JUN 22 2009

## SUMMONS ON COMPLAINT
Rule 4 Ohio Rules of Civil Procedure

Case No. 2009 CV 02052

| | | |
|---|---|---|
| GLASS MANAGEMENT SERVICES INC<br>309 FOUR MILE RUN RD<br>YOUNGSTOWN, OH 44515 | -vs- | HORSEHEAD CORP<br>300 FRANKFORT RD<br>MONACA, PA 15061 |

TO: **HORSEHEAD CORP**  **300 FRANKFORT RD**
**MONACA, PA 15061**

Defendant

To the above named defendant(s): (See attached complaint for additional parties)

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against by in this court by the plaintiff(s) named herein.

You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

The name and address of the plaintiff('s') attorney is as follows:

> MARSHALL D. BUCK
> 100 FEDERAL PLAZA E
> SUITE 926
> YOUNGSTOWN OH 44503

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

ANTHONY VIVO
Mahoning County Clerk of Courts

June 12, 2009

By: <u>N. Dascenzo</u>
Deputy Clerk

Summons issued to additional defendants:




IN THE COURT OF COMMON PLEAS

MAHONING COUNTY, OHIO

| | | |
|---|---|---|
| GLASS MANAGEMENT SERVICES, INC.<br>309 Four Mile Run Rd.<br>Youngstown, Ohio 44515 | : <br> : <br> : <br> : <br> : | CASE NO.: 09CV2052<br>JUDGE EVANS<br><br>COMPLAINT FOR BREACH OF CONTRACT |
| Plaintiff | : <br> : <br> : | JURY DEMAND ENDORSED HEREON |
| vs. | : <br> : | |
| HORSEHEAD CORPORATION<br>300 Frankfort Road<br>Monaca, Pennsylvania 15061 | : <br> : <br> : <br> : | |
| Defendant | : | |

## COMPLAINT

Now comes Plaintiff Glass Management Services, Inc. (hereinafter "Plaintiff") and files the within Complaint against Defendant Horsehead Corporation (hereinafter "Defendant"), and in support thereof, avers as follows:

### General Allegations

1. Plaintiff is an Ohio corporation with its principal place of business located at 309 N Four Mile Run Rd, Youngstown, Ohio.

2. On information and belief, Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 300 Frankfort Road, Monaca, Beaver County, Pennsylvania.

3. Plaintiff is the new corporate name of an Ohio corporation previously known as Project Management Services, Inc. ("PM Services").

4. Plaintiff is the assignee from PM Services of all rights to claims against defendant for claims arising from Defendants' breach of contract with PM Services. (Assignments attached hereto as Exhibit A).

5. On or about February 14, 2005, Plaintiff entered into three separate written agreements (hereinafter collectively "Agreements") with Defendant whereby PM Services would provide commercial cleaning services to the Defendant's places of business located at: West Baldwin Street, Rockwood, Tennessee; 900 Delaware Avenue, Palmerton, Pennsylvania; and 2701 East 114th Street, Chicago, Illinois. (Copies of the agreements are attached hereto as Exhibits B, C and D).

6. Defendant transacted business in the State of Ohio and plaintiff and defendant actively and bilaterally negotiated the terms and conditions of the written Agreements in the State of Ohio and the parties contemplated that the contracts would be coordinated and managed by plaintiff from its Ohio offices.

7. Under the Agreements, Defendant agreed to compensate PM Services pursuant to the terms of the Agreements and PM Services agreed to provide commercial cleaning services to

2

Defendant.

8. The Agreements were to have a term of three (3) years commencing on February 21, 2005; March 1, 2005; and April 13, 2005, respectively, unless cancelled.

9. In order to cancel, the Agreements expressly required a party to give three (3) written notices for corrective action. If the corrective action is not taken, or the problem was not resolved, the party seeking cancellation was required to issue a written sixty (60) day termination notice.

10. In reliance on the Agreements, the Plaintiff purchased commercial cleaning equipment including, but not limited to: two (2) new vacuum trucks for the purchase price of two hundred thousand dollars ($200,000.00) each; one (1) used vacuum truck for the purchase price of one hundred seventy-five thousand dollars ($175,000.00); a vacuum sweeper truck for the purchase price of one hundred twenty-five thousand dollars ($125,000.00); and five (5) dump trucks for the total purchase price of one hundred fifty thousand dollars ($150,000.00).

11. The Plaintiff incurred moving expenses for the relocation of PM Services's employees from Ohio to Rockwood, Tennessee; Palmerton, Pennsylvania; and Chicago, Illinois, in order for the PM Services to properly perform and execute its duties under the three agreements.

3

12. Subsequent to entering into the Agreements, the Defendant prohibited agents and/or employees of the PM Services from utilizing the shower facilities at the Defendant's place of business located in Chicago, Illinois, thereby creating an unsafe work environment.

13. As a result of the Defendant's refusal to allow the agents and/or employees to use its shower facilities, PM Services was fined by the United States Occupational Safety and Health Administration ("OSHA") in the amount of ninety thousand dollars ($90,000.00).

14. As a further result of Defendant's refusal to allow the agents and/or employees to use its shower facilities, the Plaintiff was forced to obtain a special shower trailer for the agents and/or employees of PM Services. The special shower trailer cost approximately twelve thousand dollars ($12,000.00).

15. At all times relevant to the Plaintiff's Complaint, Plaintiff stood ready and able to complete the contract.

16. The Defendants breached the contract by failing to provide safe working conditions thereby frustrating Plaintiffs ability to complete the terms of the contract.

17. On August 23, 2006, the Defendant sent a letter to the Plaintiff immediately terminating the Agreements.

18. The Defendant never provided the Plaintiff with any of the requisite written notices for corrective action as required

4

under the Agreements prior to the August 23, 2006 termination letter.

19. The Defendant never provided the Plaintiff with the requisite sixty (60) day written termination notice as required under the agreements.

## COUNT ONE: BREACH OF CONTRACT

20. The Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.
21. The Defendant entered into three Agreements with PM Services whereby PM Services would provide commercial cleaning services to the Defendant in exchange for compensation pursuant to the terms of the Agreements.
22. The Agreements were to have an initial term of three (3) years commencing on February 21, 2005; March 1, 2005; and April 13, 2005 respectively, unless cancelled pursuant to the terms of the Agreements.
23. The terms of the Agreements set forth a specific procedure for either party to the agreements to follow when seeking to cancel the Agreements.
24. The Defendant failed to provide a safe working environment for PM Services employees and/or agents.
25. The Defendant failed to follow the requisite cancellation procedure set forth by the Agreements.

26. The Defendant's failure constitutes an express breach of the Agreements.

27. As a direct and proximate result of the Defendant's breaches, the Plaintiff has suffered damages in an amount in excess of twenty five thousand ($25,000.00) dollars.

### COUNT TWO: BREACH OF CONTRACT

28. The Plaintiff incorporates the allegations of the preceding paragraphs as if fully rewritten herein.

29. In 2006, the Plaintiff, then known as PM Services, entered into purchase negotiations with Inland Management, Inc. ("Inland") for a purchase of PM Services's assets.

30. During negotiations with Inland, PM Services was forced to disclose the loss of the Defendant's Agreements as assets of PM Services.

31. The loss of the Defendant's Agreements directly and proximately caused a reduction in the value of PM Services.

32. The reduction in the value of PM Services was a reasonably foreseeable consequence of the breach of the contract.

33. As a direct and proximate result of the Defendant's breach, the Plaintiff has suffered damages in an amount in excess of twenty five thousand ($25,000.00) dollars.

WHEREFORE, the Plaintiff Glass Management Services, Inc. prays for and demands judgment in their favor and against the Defendant

in an amount in excess of twenty five thousand ($25,000.00) dollars to be specifically proven at trial.

TRIAL BY JURY FOR ALL ISSUES SO TRIABLE IS HEREBY DEMANDED.

Respectfully submitted,

*/s/ Marshall D. Buck/*
MARSHALL D. BUCK (0009115)
Comstock, Springer & Wilson CO., LPA
100 Federal Plaza East, Suite 926
Youngstown, Ohio 44503
Tel.: (330) 746-4643
Fax: (330) 746-4925
email: mdb@csandw.com
ATTORNEYS FOR THE PLAINTIFF
GLASS MANAGEMENT SERVICES

### INSTRUCTION FOR SERVICE

Please serve Summons and a copy of the Complaint to each of the named defendant at the addresses set forth in the caption of the Complaint by certified mail, return receipt requested, and make the same returnable by law.

*/s/ Marshall D. Buck/*
COMSTOCK, SPRINGER & WILSON CO., LPA
MARSHALL D. BUCK
Trial Counsel

7